UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Theresa Brooke, | No. 2:21-cv-02323-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| Singh Hotel Group LLC, | |
| Defendant. | |

On December 15, 2021, plaintiff Theresa Brooke filed this lawsuit against defendant Singh Hotel Group alleging violations of the Americans with Disabilities Act (ADA) and California's Unruh Civil Rights Act. *See generally* Compl., ECF No. 1. On January 14, 2022, attorney Chase Medeiros filed an Answer on defendant's behalf. *See* Answer, ECF No. 4. On January 19, 2022, plaintiff emailed defendant, observing that "Mr. Medeiros is not licensed to practice in the Eastern District" and requesting that defendant withdraw the Answer. *See* Emails at 3, ECF No. 8-1. Attorney Eric Alan Berg refiled the Answer that same day. *See* Refiled Answer, ECF No. 5.

On January 31, 2022, this court stayed the case as it does virtually all ADA cases and issued the following instruction:

> The parties are directed to promptly meet and confer to discuss settlement of this action. Settlement discussions require focus and

1

       preparation and should involve the attorneys who will try the case and the person or persons having full authority to negotiate and settle the case on any terms. Plaintiff should initiate settlement discussions by providing a written itemization of damages and a meaningful settlement demand that includes an explanation of why the demand is appropriate. Defendant should respond with an acceptance of the offer or with a meaningful counteroffer, and which includes an explanation of why the counteroffer is reasonable. The parties should continue in this way until they reach settlement or have exhausted informal settlement efforts.

Order at 1–2, ECF No. 6.

      Plaintiff promptly sent defendant a settlement offer. *See* Emails at 1. Defendant's counsel's paralegal responded the following day with a one-word response: "Rejected." *Id.* Plaintiff filed a Notice of Defendant's Bad Faith Settlement Negotiations on March 1, 2022, protesting (1) the one-word response to her settlement offer, (2) defendant's counsel's apparent lack of participation in settlement negotiations, and (3) defendant's failure to send a "meaningful counteroffer," as the court directed in its January 31 Order. *See* ECF No. 8 at 1–2.

      Defendant is **ordered to show cause** within fourteen days why it should not be sanctioned for failing to comply with this court's January 31 Order and Local Rule 180(b).

      IT IS SO ORDERED.

DATED: March 21, 2022.

                                                   CHIEF UNITED STATES DISTRICT JUDGE